**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4077-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICHARD D. GRAY, JR.,

    Defendant-Appellant.

_____

Submitted November 9, 2018 – Decided March 20, 2019

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Salem County, Indictment No. 15-03-0170.

Joseph E. Krakora, Public Defender, attorney for appellant (Margaret R. McLane, Assistant Deputy Public Defender, of counsel and on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an August 22, 2016 judgment of conviction after a jury found him guilty of second-degree possession of a handgun, N.J.S.A. 2C:39-5(b); second-degree possession of a firearm during the course of committing a drug offense, N.J.S.A. 2C:39-4.1(a); second-degree possession of a Controlled Dangerous Substance (CDS) analog, N.J.S.A. 2C:35-10(a)(2); and second-degree distribution of CDS under N.J.S.A. 2C:35-10.5(a)(3). On appeal, defendant argues the trial judge erred when he denied suppression of defendant's statement and overruled defendant's objection to hearsay statements made by the arresting officer. We reject defendant's arguments concerning his own statements, but we are constrained to reverse and remand for a new trial because of the admission of the officer's hearsay statements.

We discern the following facts from the record. At around 1 a.m. on November 8, 2014, Penns Grove Police Department Patrolman Christopher Hemple went to the One Stop Deli for a property check. Inside the store, Hemple recognized defendant. Hemple knew there was an outstanding warrant for defendant. He told defendant he was under arrest, and placed a handcuff on his right hand. Hemple called for backup, a struggle ensued, and defendant ran from police.

Hemple chased after defendant, who ran through a driveway and jumped over a wall. Sergeant John Stranahan joined the pursuit and caught up to defendant when he was climbing a six-foot-tall metal fence. Stranahan attempted to grab defendant at the top of the fence, but instead pushed defendant to the ground. Defendant allegedly reached into the front of his pants and dropped what Stranahan said was a gun. Stranahan drew his weapon, scaled the fence, caught, and handcuffed defendant. Defendant denies he had a gun and said he stopped running because he got tired, and when the officer told him to get on the ground, he complied.

Stranahan searched defendant and found cash, three small vials of marijuana, and a bottle of codeine cough syrup with the label scratched off. Stranahan turned defendant over to Hemple who placed him in the patrol car. Stranahan went back to recover the weapon defendant allegedly dropped and found two guns, a black handgun and a smaller silver handgun. Stranahan secured the guns and brought them back to his patrol car. Stranahan then asked Hemple what route defendant took during the chase, followed it back towards his patrol car, and found a larger container of codeine cough syrup. Both guns recovered were operable, and the guns were not registered to defendant. Neither gun was tested for fingerprints.

A-4077-16T1

Stranahan read defendant his Miranda[1] rights in the patrol car on the drive to the station. While in the vehicle, Stranahan questioned defendant about the guns and the cough syrup and defendant admitted he possessed the cough syrup found on him. He denied knowledge of the guns and the larger bottle of cough syrup. The police Mobile Video Recorders (MVR) recorded conversations between Stranahan and the other officers prior to the interrogation, as well as the interrogation of defendant.

Defendant was charged in an indictment with two counts of second-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b); second-degree possession of a firearm during certain drug offenses, N.J.S.A. 2C:39-4.1(a); two counts of second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); fourth-degree possession of a large capacity magazine, N.J.S.A. 2C:39-3(j); fourth-degree possession of a Schedule V controlled dangerous substance (codeine/promethazine), N.J.S.A. 2C:35-10(a)(2); second-degree possession of more than 100 dosage units of a prescription drug with intent to distribute, N.J.S.A. 2C:35-10.5(a)(4); third-degree possession of codeine/promethazine with intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7(a); fourth-degree tampering, N.J.S.A. 2C:28-6(1); third-

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-4077-16T1

degree resisting arrest, N.J.S.A. 2C:29-2(a); and third-degree aggravated assault on a law enforcement official, N.J.S.A. 2C:12-1(b)(5)(a).

Defendant moved to suppress the statements he made in the police car and also argued the jury should not be permitted to hear Stranahan's conversations with the other officers because the conversations were not relevant and would impermissibly bolster Stranahan's testimony at trial. On June 2, 2016, the first day of trial, the court conducted a hearing to determine the admissibility of statements from the MVR. The trial judge determined defendant knowingly and voluntarily waived his rights, and found that the police officers' statements preceding defendant's statement were admissible because they were relevant.

The case was tried before a jury between June 2 and 9, 2016. Portions of the MVR were played to the jury and a transcript with some redactions was provided to the jury. At the close of the State's case, the court granted defendant's motion to dismiss the charges of fourth-degree possession of a large capacity magazine, N.J.S.A. 2C:39-3(j), and third-degree possession of codeine/promethazine with intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7(a). The jury found defendant guilty of a lesser-included assault charge and convicted him of all remaining counts.

After trial, on August 18, 2016, the court dismissed defendant's conviction for possession of a firearm during the course of committing a drug offense. The trial judge sentenced defendant to five years with forty-two months of parole ineligibility on the gun charges. On the aggravated assault on a law enforcement officer charge, the judge sentenced defendant to 180 days in jail as a condition of one year of probation, with probation to terminate upon completion of the 180 days, to run consecutively to the sentence on the gun charges. After appropriate mergers, the court sentenced defendant to fines and fees on all the remaining charges.

This appeal followed. Defendant raises the following arguments.

> POINT I
>
> DEFENDANT'S STATEMENT MUST BE SUPPRESSED BECAUSE THERE IS NO EVIDENCE THAT HE WAIVED HIS <u>MIRANDA</u> RIGHTS.
>
> POINT II
>
> THE TRIAL COURT ERRED IN ADMITTING THE POLICE OFFICERS' RECORDED OUT-OF-COURT STATEMENTS BECAUSE THEY WERE INADMISSIBLE HEARSAY.
>
> POINT III
>
> THE COURT ERRED IN ADMITTING EVIDENCE THAT DEFENDANT POSSESSED MARIJUANA

A-4077-16T1

WITHOUT AN N.J.R.E. 404(b) ANALYSIS OR ANY LIMITING INSTRUCTION. (Not Raised Below)

POINT IV

A JUDGMENT OF ACQUITTAL MUST BE ENTERED ON THE TWO TAMPERING COUNTS BECAUSE THE STATE ONLY PROVED THAT DEFENDANT DROPPED THE GUNS AND DRUGS DURING A POLICE CHASE. (Not Raised Below)

POINT V

THE TWO CONVICTIONS FOR POSSESSION OF A PRESCRIPTION DRUG WITH INTENT TO DISTRIBUTE MUST MERGE.

## I.

Addressing defendant's arguments in turn, we note the appropriate standard of review for each issue. We defer to a trial court's factual findings on a Miranda motion if supported by sufficient credible evidence. State v. Hreha, 217 N.J. 368, 381-82 (2014). The trial court's legal conclusions are reviewed de novo. State v. Rockford, 213 N.J. 424, 440 (2013). We apply a "deferential standard for reviewing a trial court's evidentiary rulings." State v. Perry, 225 N.J. 222, 233 (2016). We will uphold the judge's ruling "'absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment.'" State v. Brown, 170 N.J. 138, 147 (2001) (quoting State v. Marrero, 148 N.J. 469, 484 (1997)). We do not substitute our own judgment unless "the trial court's ruling

7

'was so wide of the mark that a manifest denial of justice resulted.'" Marrero, 148 N.J. at 484 (quoting State v. Kelly, 97 N.J. 178, 216 (1984)).

Defendant argues the statements he made in the police car should have been suppressed because there was no evidence that he waived his Miranda rights. Stranahan read defendant his Miranda rights and seconds later began to talk to defendant without obtaining an express written or oral waiver of defendant's rights. Defendant argues even if the police read him his Miranda rights, there must be a knowing, intelligent and voluntary waiver. See Fare v. Michael C., 442 U.S. 707, 724 (1979). The prosecution bears the burden of showing a defendant's waiver was knowing, intelligent, and voluntary beyond a reasonable doubt. State v. Presha, 163 N.J. 304, 311 (2000).

Here, the court reviewed the MVR and concluded under the totality of circumstances the State established a valid waiver of defendant's Miranda rights. We agree.

Miranda rights exist to combat the inherent and compelling pressures present in custodial interrogation, "which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." Miranda, 384 U.S. at 467. Even if the officer reads a defendant his or her Miranda rights, the waiver of those rights are invalid if the defendant did not

waive them knowingly, intelligently, and voluntarily.  Fare, 442 U.S. at 724.  A reviewing court must consider the totality of circumstances surrounding the interrogation to determine if there was "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  Moran v. Burbine, 475 U.S. 412, 421 (1986).  Here, the trial judge considered "both the characteristics of the particular defendant and the pressure brought to bear on him," State v. Puchalski, 45 N.J. 97, 101 (1965), and whether the State proved defendant's waiver of his rights was knowing, intelligent, and voluntary beyond a reasonable doubt.  State v. Oresga, 163 N.J. 304, 313 (2000).

In Berghuis v. Tompkins, 560 U.S. 370, 384 (2010), the Supreme Court of the United States clarified an uncoerced statement alone is insufficient to demonstrate a waiver of Miranda, and "[t]he prosecution must make the additional showing that the accused understood these rights."  Our Supreme Court in Presha outlined the conditions surrounding the interrogation the court must consider to determine if there was a valid Miranda waiver.  163 N.J. at 313.

Under Presha, the factors considered are (1) the defendant's "'age, education and intelligence'"; (2) the advice given about his or her constitutional rights; (3) the "'length of the detention'"; (4) "'whether the questioning was repeated or prolonged'"; and (5) "'whether physical punishment or mental

exhaustion was involved.'" Ibid. (quoting State v. Miller, 76 N.J. 392, 402 (1978)).

Here, the trial judge reviewed the recordings showing Stranahan's interactions with defendant and noted defendant immediately responded to Stranahan. Defendant was facing Stranahan during the reading of his rights. Roughly ten seconds passed before Stranahan began speaking to him. The record shows no attempt by defendant to invoke his right to remain silent, nor was there evidence of coercion or any lack of understanding on defendant's part. The judge noted defendant's age and that he denied the guns were his, but admitted the CDS was his. Considering the totality of the circumstances and support in the record for the court's findings, we discern no abuse of the court's discretion in denying defendant's Miranda motion and allowing the portion of the MVR showing defendant's statement to be shown to the jury.

## II.

Defendant next argues the court erred by permitting the State to play earlier portions of the MVR from Stranahan's patrol car, which included conversations Stranahan had with other officers that occurred before he administered defendant's Miranda rights. The video and audio captures Stranahan, Hemple and an unknown officer discussing what happened at the deli

and during the chase. Defendant argued the officers' statements were inadmissible because they were irrelevant, serving no purpose other than to bolster the officers' trial testimony in violation of Rule 607.[2] The State argued the statements were admissible as present sense impressions not offered for their truth under Rule 803(c)(1). The trial court admitted the statements as relevant, not unduly prejudicial, and subject to cross-examination because both Hemple and Stranahan would testify. The trial judge found the video was relevant as it showed what occurred during the event, the location, and the officers' actions. The judge noted defendant made no argument the subject portions of the MVR were prejudicial, but only argued lack of relevance. The court did not address defendant's Rule 607 argument. The judge determined the MVR was admissible under Rule 403 as relevant because it "shows what's happening with the officers, it shows the area of the scene, it shows what the officers did. All of that is relevant to what happened on this day in question." The judge made no ruling on whether the MVR's relevance was substantially outweighed by the risk of undue prejudice. The judge did not address the issue of whether admission of

---

[2] Rule 607 in pertinent part states, "[a] prior consistent statement shall not be admitted to support the credibility of a witness except to rebut an express or implied charge against the witness of recent fabrication or of improper influence or motive and except as otherwise provided by the law of evidence."

Stranahan's commentary with other officers, some unknown, violated Rule 607. The judge accepted the State's argument the comments were present sense impressions and Stranahan was available to testify. The judge faulted defense counsel for not previously trying to identify an unknown officer in Stranahan's conversation and focused on the fact the case was ready to be tried after some delays. The judge stated:

> So for all of those reasons I find that the MVR is relevant. I don't find the lack of ability to cross examine Sergeant Stranahan to even exist. I don't find the defense's argument to be persuasive with regards to the identified male because the defense didn't seek to identify that male in any fashion. There may be information that Sergeant Stranahan says in this transcript that could be prejudicial. I don't know. I can only answer and respond to arguments made by the defense. It's not my job to try to figure out which may be prejudicial. And at no time has Mr. Thompson said I don't want . . . I believe the statement by Sergeant Stranahan should be redacted because it's prejudicial. And the reason I raise this is I don't know how far to push the issue. I was listening to just a portion of the tape I listened to and I know at one point Sergeant Stranahan says, you know, you're going to jail for a long time for this. Well, is that something that the jury should hear? Perhaps not, but that hasn't been raised as an issue and I'm - - quite frankly I'm a bit concerned that there may be other statements made by Sergeant Stranahan similar to this that may be prejudicial to this defendant, none of which has been raised by Mr. Thompson. So I just can't predict what's in here. This is the defense's obligation, so . . . .

Based on our review of the record, we conclude the court did not complete the analysis required under Rule 403 requiring it to weigh relevance and prejudice and did not address defendant's Rule 607 objection. In the MVR, Hemple can be heard telling other officers he tried to arrest defendant, defendant punched him, and ran out of the deli. Stranahan described, while running after defendant, that defendant kept reaching into his pants, as if he was trying to get rid of something. Stranahan and Hemple also discussed with another unidentified officer that defendant had guns and was going to be charged with drug possession and assaulting an officer. During one exchange, Stranahan stated to an unknown officer "[defendant] is a dealer." We note the State redacted minimal portions of the transcript of the MVR, however, the unredacted conversations between the police officers in the MVR are inadmissible hearsay under Rule 801(c). They are not present sense impressions, under Rule 803(c)(1), requiring "a very brief time between the observation and the statement." State ex rel. J.A., 195 N.J. 324, 338 (2008). The conversation between the officers discussed the events in the deli and the chase after both were already over, thus their statements were not present sense impressions.

Moreover, the State never offered a non-truth purpose for the statements, and the jury was never told these statements were not admissible for their truth.[3] No limiting instruction was offered with the video or transcript.

The judge made no ruling on whether the MVR's relevance was substantially outweighed by the risk of undue prejudice. The judge did not address the issue of whether admission of Stranahan's commentary with other officers, some unknown, violated Rule 607. Prior consistent statements are not admissible to bolster a witness's testimony or credibility. N.J.R.E. 607; N.J.R.E. 803(a)(2); Neno v. Clinton, 167 N.J. 573, 580 (2001).

"The mere possibility that evidence could be prejudicial does not justify its exclusion." State v. Morton, 155 N.J. 383, 453-54 (1998). Indeed, "[d]amaging evidence usually is very prejudicial, but the real question is whether the risk of undue prejudice is too high." State v. Swint, 328 N.J. Super. 236, 253 (App. Div. 2000). Here, we agree with defendant, the risk was too high. The court's omission of any discussion regarding the risk of undue prejudice constituted an abuse of discretion and allowing the jury to hear the

---

[3] We also note the error was not in showing the video; the video itself is not hearsay. The hearsay was the audio and the accompanying transcript of the officers' conversations.

officers' hearsay statements had the capacity to lead to an unjust result. We reverse for a new trial on the remaining counts.

With regard to the remaining counts, we note the following. The State concedes defendant's convictions on the two counts of fourth-degree tampering with evidence must be vacated. Thus, defendant's convictions for tampering are vacated. Because defendant is subject to a new trial, we need not address his remaining arguments.

Reversed and remanded for a new trial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION